UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CRESENCIANO REYES, on Behalf of Himself and
All Others Similarly Situated,                                          Case No.: 17-cv-09328-VEC

                          Plaintiffs,

             - vs. -

GRACEFULLY, INC., d/b/a GRACEFULLY DELI
EAST VILLAGE, FOODEX LLC d/b/a GRACEFULLY
DELI UPPER WEST SIDE, FOODMOOD LLC d/b/a
GRACEFULLY, JOEL DANCYGER, GRACE
DANCYGER, and VICTUALS, LLC,

                         Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS THE COMPLAINT OR TO STAY THE ACTION

*Oral Argument Requested*

DEALY SILBERSTEIN &
BRAVERMAN, LLP

Marc D. Braverman, Esq.
Amanda E. Maguire, Esq.
*Attorneys for Defendants Gracefully, Inc.,*
*FoodEx LLC, Foodmood LLC, Joel*
*Dancyger, Grace Dancyger*
*and Victuals, LLC*
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………….……………ii

PRELIMINARY STATEMENT…………………………………………….…………1

STATEMENT OF FACTS………………………………………………………………2

   A.   The Reyes Arbitration Agreement…………………………………………...2

   B.   Reyes' Complaint…………………………………………………………...2

ARGUMENT………………………………………………………………………..3

    A.    PLAINTIFF  IS REQUIRED TO ARBITRATE HIS CLAIMS…………………3

       (1) The Parties Agreed to Arbitrate Their Dispute……………………………..5

       (2) Plaintiff's Claims Clearly Fall Within the Scope of the
           Reyes Arbitration Agreement…………………………………………...5

       (3) Plaintiff's Statutory Claims are Arbitrable…………………………….…6

       (4) The Court Should Dismiss This Action Because All Claims
           Are Arbitrable…………………………………………………………6

CONCLUSION…………………………………………………………………..7

# TABLE OF AUTHORITIES

*Cases:*

*Arakawa v. Japan Network Group*,
56 F. Supp. 2d 349 (S.D.N.Y. 1999)…………………………………………………………..5

*AT&T Techs., Inc. v. Commc'ns Workers of Amer.*,
475 U.S. 643 (1986)…………………………………………………………………………5

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006)…………………………………………………………………………3

*Bynum v. Maplebear Inc.*,
160 F. Supp. 3d 527 (E.D.N.Y. 2016)………………………………………………………6

*Ciago v. Ameriquest Mortgage Co.*,
295 F. Supp. 2d 324 (S.D.N.Y. 2003)………………………………………………………6

*Collins & Aikman Prods. Co. v. Building Sys.*,
58 F.3d 16 (2d Cir. 1995)……………………………………………………………………5

*David L. Threlkeld & Co., Inc. v. Metallgesellschaft Ltd. (London)*,
923 F.2d 245 (2d Cir. 1991)…………………………………………………………………5

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985)…………………………………………………………………………4

*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*,
815 F.2d 840 (2d Cir. 1987)………………………………………………………………4, 5

*Green Tree Fin. Corp.-Ala v. Randolph*,
531 U.S. 79 (2000)…………………………………………………………………………..4

*Hartford Acc. And Indem. Co. v. Swiss Reinsurance America Corp.*,
246 F.3d 219 (2d Cir. 2001)…………………………………………………………………4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)……………………………………………………………………………5

*National Union Fire Ins. Co v. Belco Petroleum Corp.*,
88 F.3d 129 (2d Cir. 1996)…………………………………………………………………4

*Oldroyd v. Elmira Sav. Bank, FSB*,
134 F.3d 72 (2d Cir. 1998)…………………………………………………………………..3

*Patterson v. Raymours Furniture Co.*,
96 F. Supp. 3d 71 (S.D.N.Y. 2015)…………………………………………………………6

*Rodriguez-Depena v. Parts Authority, Inc.*,
No. 16-cv-3396 (S.D.N.Y. Sept. 30, 2016), *aff'd* 2017 WL 6327827 (2d Cir., Dec. 12, 2017)….6

*Scherk v. Alberto-Culver Co.*,
417 U.S. 506 (1974)…………………………………………………………………………3

*Steele v. L.F. Rothschild & Co.*,
701 F. Supp. 407 (S.D.N.Y. 1988)………………………………………………………..6

*Sutherland v. Ernst & Young LLP*,
726 F.3d 290 (2d Cir. 2013)………………………………………………………………6

*Torres v. United Healthcare Servs.*,
920 F. Supp. 2d 368 (E.D.N.Y. 2013)……………………………………………………6

<u>Federal Statutes:</u>

9. U.S.C. §§ 1 *et seq*...……………………………...………………...……………….....1, 3

29 U.S.C. §§ 201 *et seq*...………………………………………………………1, 2, 5, 6

<u>State Statutes:</u>

N.Y. Labor Law…………………………………………..…………………....1, 2, 5, 6

## PRELIMINARY STATEMENT

Defendants Gracefully, Inc. ("Gracefully"), FoodEx LLC ("FoodEx"), Foodmood LLC ("Foodmood"), Victuals LLC ("Victuals")(collectively, the "Gracefully Entities"), Joel Dancyger and Grace Dancyger (collectively with the Gracefully Entities, the "Defendants") bring this motion pursuant to the Federal Arbitration Act ("FAA"), 9. U.S.C. § 1 *et seq.*, for an order (i) compelling Plaintiff Cresenciano Reyes ("Plaintiff" and/or "Reyes") to submit his claims to arbitration pursuant to the Arbitration Agreement executed by Plaintiff (the "Reyes Arbitration Agreement"; Braverman Decl., Ex. A)[1] in connection with his employment with Foodart LLC, a Gracefully Entity that was located at 28 Avenue A, New York, New York until it closed in or around November 2014, and (ii) dismissing Plaintiff's Complaint in its entirety with prejudice or, alternatively, to stay proceedings pending arbitration.

The Reyes Arbitration Agreement clearly and unambiguously provides that arbitration shall be the sole and exclusive procedure for resolving all claims arising from his employment, including, without limitation, claims arising under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL").

In the instant action, Plaintiff asserts various causes of action under the FLSA and NYLL, all of which arise from his employment.  Accordingly, all of Plaintiff's claims are arbitrable under the Reyes Arbitration Agreement, and Reyes must be compelled to submit those claims to arbitration.

---

[1] References are to the Declaration of Marc D. Braverman, Esq. ("Braverman Decl.")

**STATEMENT OF FACTS**

**A.  The Reyes Arbitration Agreement**

On August 12, 2013, in connection with his employment[2], Plaintiff executed the Reyes

Arbitration Agreement, which provides, *inter alia*:

> This Agreement shall constitute the entire agreement between the Employee and the Company for the resolution of all claims resulting from Employee's employment with the company, including, without limitation, the following:
>
> (xv)   *Claims arising under the Fair Labor Standards Act, as amended; and*
>
> (xvi)   Claims arising under all Federal, State and Local statutes, regulations, decisional law and ordinances and all human rights, fair employment, *wage*, contract, and tort laws relating to the Employee's employment with the Company and/or the termination thereof, including, without limitation,…*the New York Labor Law*…, as well as any claims for or concerning wrongful discharge, breach of contract, personal injury to health and *wage claims*, reputation, working conditions and sexual harassment or any other employment claims concerning terms and conditions of employment or termination therefrom, all to the extent permitted by law.
>
> (Braverman Decl., Ex. A)(emphasis added).

The Reyes Arbitration Agreement further provides that all disputes "shall be submitted to

the American Arbitration Association ("AAA") pursuant to its National Rules for the Resolution

of Employment Disputes…"  (Braverman Decl., Ex. A).

**B.  Reyes' Complaint**

On November 28, 2017, Plaintiff filed his Collective and Class Action Complaint (the

"Complaint") asserting causes of action under the FLSA and NYLL on behalf of himself and

other similarly situated delicatessen employees of the Gracefully Entities for, *inter alia,* unpaid

---

[2] Plaintiff worked continuously for the Gracefully Entities from in or around April 2007 through in or around August 2017.  Specifically, in connection with the closure of Foodart in or around November 2014, Plaintiff was transferred to FoodEx, the Gracefully Entity located at 101 West End Avenue, New York, New York. (Braverman Dec., ¶ 3).

overtime and spread of hours.  (Docket No. 1).  After Plaintiff filed the Complaint, counsel for

Defendants contacted Plaintiff Reyes's counsel and requested that Plaintiff dismiss his lawsuit

and resolve his dispute against all Defendants through individual arbitration, in accordance with

the Reyes Arbitration Agreement.  (Braverman Dec., ¶ 7, Ex. B).  Plaintiff refused to submit his

claims to arbitration, thereby necessitating the filing of the instant motion.  (Braverman Dec., ¶

8).

## ARGUMENT

### A.    PLAINTIFF  IS REQUIRED TO ARBITRATE HIS CLAIMS

Federal courts have long recognized a "strong federal policy favoring arbitration as an

alternative means of dispute resolution."  *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 76 (2d

Cir. 1998).  In enacting the FAA, Congress sought to overcome widespread judicial hostility to

the enforcement of arbitration agreements.  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S.

440, 443 (2006)(stating that the FAA was enacted "[t]o overcome judicial resistance to

arbitration").

Section 2 of the FAA, 9 U.S.C. § 2, provides that a contract provision:

> [E]videncing a transaction involving commerce to settle by
> arbitration a controversy thereafter arising out of such contract or
> transaction…shall be valid, irrevocable, and enforceable, save upon
> such grounds as exist at law or in equity for revocation of any
> contract.  9 U.S.C. § 2.

Section 4 of the FAA "directs a federal court to order parties to proceed to arbitration if

there has been a failure, neglect, or refusal of any party to honor an agreement to arbitrate."  9

U.S.C. § 4, *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974)(internal citations omitted).

The Second Circuit has stated, "[t]hese provisions are mandatory: 'by its terms, the Act leaves no

place for the exercise of discretion by a district court, but instead mandates that all district courts

3

*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir. 1987)(quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).  The Court's role under the FAA is therefore limited to determining: "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *Hartford Acc. And Indem. Co. v. Swiss Reinsurance America Corp.*, 246 F.3d 219, 226 (2d Cir. 2001)(citing *National Union Fire Ins. Co v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996)).  The party resisting arbitration bears the burden of proving that the arbitration agreement is invalid or does not encompass the claim at issue. *Green Tree Fin. Corp.-Ala v. Randolph,* 531 U.S. 79, 91-92, 121 S. Ct. 513, 522 (2000).

In *Genesco, Inc. v. T. Kakiuchi & Co.*, the Second Circuit stated that, in determining whether to compel arbitration, courts must assess the following four (4) factors: "(1) whether the parties agreed to arbitrate; (2) whether the asserted claims fall within the scope of the arbitration agreement; (3) if federal statutory claims are at issue, whether Congress intended such claims to be non-arbitrable; and (4) if only some of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration." *Genesco*, 815 F.2d at 844.

As discussed below, the first three (3) prongs of the test are satisfied in this case, and the fourth prong is inapplicable because all of Plaintiff's claims are subject to arbitration. Accordingly, it is respectfully submitted that the Court should granted Defendants' motion to compel arbitration and dismiss the Complaint with prejudice, or, in the alternative, stay the action pending arbitration.

**(1)** __The Parties Agreed to Arbitrate Their Dispute__

Plaintiff's claims must be referred to arbitration because the parties clearly and unambiguously agreed to arbitrate their dispute.

As stated above, the Reyes Arbitration Agreement expressly provides that all covered disputes are to be resolved through final and binding arbitration.  By executing the Reyes Arbitration Agreement, Plaintiff agreed to, and is bound by, its terms.  *Arakawa v. Japan Network Group*, 56 F. Supp. 2d 349, 352 (S.D.N.Y. 1999)(holding that, under New York law, "a person who signs a contract is presumed to know its contents and to assent to them.")

**(2)** __Plaintiff's Claims Clearly Fall Within the Scope of the Reyes Arbitration__
__Agreement__

Federal courts have been directed to "construe arbitration clauses as broadly as possible." *Collins & Aikman Prods. Co. v. Building Sys.,* 58 F.3d 16, 19 (2d Cir. 1995).  "[A}ny doubts concerning the scope of arbitrable issue should be resolved in favor of the arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, at 24-25 (1983).  As a result, arbitration is mandatory "unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *AT&T Techs., Inc. v. Commc'ns Workers of Amer.,* 475 U.S. 643, 650 (1986); *David L. Threlkeld & Co., Inc. v. Metallgesellschaft Ltd. (London)*, 923 F.2d 245, 250 (2d Cir. 1991)(emphasis added).

Here, there is no question that Plaintiff's claims for unpaid overtime and spread of hours fall squarely within the scope of the Reyes Arbitration Agreement, which provides that all wage claims, including those under the FLSA and NYLL, are subject to mandatory arbitration.  *See Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir. 1987)(holding that as long

5

as the "allegations underlying the claims 'touch matters' covered by the parties'…agreements, then those claims must be arbitrated, whatever the legal labels attached to them.").

### (3) Plaintiff's Statutory Claims are Arbitrable

It is well established that Plaintiff's claims are suitable for arbitration. *See, e.g., Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013)(reversing district court's decision to deny motion to compel arbitration of plaintiffs' FLSA and NYLL overtime claims); *Bynum v. Maplebear Inc.,* 160 F. Supp. 3d 527 (E.D.N.Y. 2016)(compelling arbitration of federal and state law claims for failure to pay overtime wages); *Ciago v. Ameriquest Mortgage Co.*, 295 F. Supp. 2d 324 (S.D.N.Y. 2003)(compelling arbitration of federal and state law claims for failure to pay overtime wages); *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71 (S.D.N.Y. 2015)(compelling arbitration of FLSA claims); *Steele v. L.F. Rothschild & Co.*, 701 F. Supp. 407 (S.D.N.Y. 1988)(compelling arbitration of FLSA claims).

Indeed, on December 12, 2017, in a case highly analogous to the instant action, the Second Circuit Court of Appeals affirmed that an employee's claims under the FLSA are subject to mandatory arbitration. *Rodriguez-Depena v. Parts Authority, Inc.*, No. 16-cv-3396 (S.D.N.Y. Sept. 30, 2016), *aff'd* 2017 WL 6327827 (2d Cir., Dec. 12, 2017).

### (4) The Court Should Dismiss This Action Because All Claims Are Arbitrable

Where, as here, all claims are covered by the arbitration agreement, dismissal of the action is appropriate. *See, e.g., Rodriguez-Depena v. Parts Authority, Inc.*, No. 16-cv-3396 (S.D.N.Y. Sept. 30, 2016), *aff'd* 2017 WL 6327827 (2d Cir., Dec. 12, 2017)(granting defendants' motion to compel arbitration and dismissing the case); *Torres v. United Healthcare Servs.*, 920 F. Supp. 2d 368 (E.D.N.Y. 2013)(granting defendants' motion to compel arbitration and dismissing the case).

Because none of Plaintiff's claims fall outside the scope of the Reyes Arbitration

Agreement, Defendants respectfully request that the Court compel arbitration and dismiss this

action in its entirety.

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that the Court grant

Defendants' motion to compel arbitration and dismiss the Complaint with prejudice, or, in the

alternative, stay the action pending arbitration.

Dated: New York, New York
         January 10, 2018

<div style="margin-left:40%">

Respectfully submitted,

DEALY SILBERSTEIN &
BRAVERMAN, LLP


By:    */s/ Marc D. Braverman*
      Marc D. Braverman (MB2534)
*Attorneys for Defendants Gracefully, Inc.,*
*FoodEx LLC, Foodmood LLC, Joel*
*Dancyger, Grace Dancyger*
*and Victuals, LLC*
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
mbraverman@dsblawny.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 10, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

<u>    */s/ Marc D. Braverman*    </u>
Marc D. Braverman (MB2534)