## ARBITRATION AGREEMENT

This Arbitration Agreement ("Agreement"), entered into on the ___10___ day of __Aug__, 20_13_, between __Food ART, LLC__, having a place of business located at __08 Ave A NYC 10009__ (the "Company"), and __Cresenciano Reyes__, having an address at __99-04- 41 Ave__ (the "Employee")

### WITNESSETH:

**WHEREAS**, the Company has employed the Employee as an at-will employee;

**WHEREAS**, the Company and Employee have agreed that any dispute shall be governed by arbitration.

**NOW, THEREFORE**, in consideration of the premises and the mutual agreements and representations contained herein, the Company and the Employee agree as follows:

1. The Employee acknowledges and agrees that the dispute resolution procedures ("DRP") set forth in this Agreement are the sole and exclusive procedures to resolve all disputes between the Company and the Employee, including, without limitation, any claim the Employee might have regarding his/her legal rights, obligations and/or entitlements.

2. Signing of this agreement shall constitute a contract between the Employee and the Company governing DRP but shall not change, alter or modify the Employee's standing as an at-will employee and shall have no affect on any other written contract or written agreement between the Company and the Employee.

3. This Agreement shall constitute the entire agreement between the Employee and the Company for the resolution of all claims resulting from Employee's employment with the Company, including, without limitation, the following:

   (i) Claims relating to terminations, whether voluntary or involuntary, including,

without limitation, layoffs and discharges (including constructive discharges);

(ii) Discrimination and harassment claims, including, without limitation, those premised on, age, race, sex, religion, national origin, veteran status, citizenship, disability or other classes protected by law;

(iii) Retaliation claims for legally protected activity and/or for whistleblowing;

(iv) Claims relating to state or federal Family and Medical Leave Acts;

(v) Claims relating to workplace accommodation due to physical or mental disabilities;

(vi) Tort claims, intentional torts, negligence, defamation, invasion of privacy, infliction of emotional distress, etc.;

(vii) Claims of violation of public policy;

(viii) Claims based on express or implied contracts;

(ix) Claims arising under Title VIII of the Civil Rights Act of 1866, 1871, 1964 and 1992;

(x) Claims arising under The Employee Retirement Income and Security Act of 1974, as amended (to the extent permitted by law);

(xi) Claims arising under The Americans with Disabilities Act;

(xii) Claims arising under The National Labor Relations Act, as amended;

(xiii) Claims arising under The Worker Adjustment and Retraining Act;

(xiv) Claims arising under the Pregnancy Discrimination Act;

(xv) Claims arising under the Fair Labor Standards Act, as amended; and

(xvi) Claims arising under all Federal, State and Local statutes, regulations,

decisional law and ordinances and all human rights, fair employment, wage, contract, and tort laws relating to the Employee's employment with the Company and/or the termination thereof, including, without limitation, the New York Human Rights law, the New York City Administrative Code, the New York Labor Law, any civil rights or human rights law, as well as any claims for or concerning wrongful discharge, breach of contract, personal injury to health and wage claims, reputation, working conditions and sexual harassment or any other employment claims concerning terms and conditions of employment or termination therefrom, all to the extent permitted by law.

4. Any claim by the Employee must first be presented in writing to the Company at the address first set forth above within sixty (60) days of the date of occurrence of the alleged event giving rise to the claim. Failure to comply with this provision shall result in a forfeiture of the Employee's claim. The Company shall respond in writing to the Employee to the address first set forth above within thirty (30) days of receipt of the claim. If the Company does not respond within such thirty (30) day period, then the claim shall be deemed denied by the Company. If the Employee is not satisfied with the decision of the Company, the Employee may demand arbitration. The Employee's demand for arbitration must be in writing and sent to the Company at the address first set forth above within thirty (30) days of the date of the Company's decision. Failure to demand arbitration within this time frame shall constitute a waiver of the right to arbitrate and a forfeiture of all claims to relief.

5. All arbitrations shall be submitted to the American Arbitration Association

("AAA"), pursuant to its National Rules for the Resolution of Employment Disputes ("Rules"), copies of which are available for the Employee's review, upon demand. Costs for the arbitration shall be paid for equally by the Employee and the Company or as governed by the Rules. The decision of the arbitrator shall be final and binding upon all the Company and the Employee and judgment upon any award may be entered by any Court having competent jurisdiction.

6. Any notice, demand, request, consent or other communication hereunder shall be in writing and shall be sent to the addresses first set forth in this Agreement by (i) by certified mail, return receipt requested or (ii) nationally recognized overnight courier service for next business day delivery. Either the Company or the Employee may designate another or an additional address for notices by sending the other party notice of such new or additional address. All notices sent by overnight delivery shall be effective the following business day; all notices sent by certified mail, return receipt requested, shall be effective three calendar days after the date mailed, if mailed from a post office with proof of mailing, or, if not so mailed, upon receipt.

7. This Agreement contains the entire agreement of the parties hereto with respect to its subject matter hereof and all prior negotiations, discussions, representations, agreements and understandings heretofore had among the parties with respect thereto are merged herein.

8. Neither this Agreement nor any provision hereof may be modified, waived, discharged or terminated orally but only by an instrument in writing, signed by the party against whom enforcement of such modification, waiver, discharge or termination is sought.

9. This Agreement shall be governed by and construed under and in accordance with the laws of the State of New York, without giving effect to conflict of law principles thereof. In the event of any disputes between the parties, such disputes shall be resolved in courts of competent jurisdiction located in the City and State of New York, County of New York.

10. The Employee acknowledges and agrees that execution of this Agreement is done knowingly and voluntarily and that he/she is waiving any right to a Court trial and/or agency proceeding, as applicable, and that the Employee is free from duress or coercion. Employee also acknowledges and agrees that he/she had the right to consult with a person of his/her choosing, including an attorney, before executing this document. The Company is hereby authorized to file a copy of this Agreement in any proceeding as conclusive evidence of this waiver by the parties.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first written above.

FooDART LLC
COMPANY ,

By: _____

EMPLOYEE ,

Name: Cresen Clano Reyes
Address: 99-04- 41 Ave
Telephone No: 917-775-2096