UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CRESENCIANO REYES, on Behalf of Himself and
All Others Similarly Situated,                    Case No.: 17-cv-09328-VEC

                              Plaintiffs,

     - vs. -

GRACEFULLY, INC., d/b/a GRACEFULLY DELI
EAST VILLAGE, FOODEX LLC d/b/a GRACEFULLY
DELI UPPER WEST SIDE, FOODMOOD LLC d/b/a
GRACEFULLY, JOEL DANCYGER, GRACE
DANCYGER, and VICTUALS, LLC,

                          Defendants.
------------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT OR STAY THE ACTION**

                                              DEALY SILBERSTEIN &
                                              BRAVERMAN, LLP

                                              Marc D. Braverman, Esq.
                                              Amanda E. Maguire, Esq.
                                              *Attorneys for Defendants Gracefully, Inc.,*
                                              *FoodEx LLC, Foodmood LLC, Joel*
                                              *Dancyger, Grace Dancyger*
                                              *and Victuals, LLC*
                                              225 Broadway, Suite 1405
                                              New York, New York 10007
                                              (212) 385-0066

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**……………………………………………………………………..ii

**PRELIMINARY STATEMENT**…………………………………………………………………..1

**ARGUMENT**……………………………………………………………………………..………1

I.     **PLAINTIFF REYES MUST ARBITRATE HIS CLAIMS IN THIS ACTION**……..1

      a.  Defendants are Entitled to Enforce the Arbitration Agreement………………………1

      b.  The Agreement is Enforceable As a Matter of Law…………………………………..4

          (i)  Plaintiff Failed to Demonstrate That the Arbitration Agreement Is Procedurally Unconscionable……………………………………………………5

          (ii)  Plaintiff Failed to Demonstrate That the Arbitration Agreement Is Substantively Unconscionable……………………………………………….…..6

**CONCLUSION**…………………………………………………………………………………….9

# TABLE OF AUTHORITIES

**CASELAW**

*Baldeo v. Darden Restaurants, Inc.*,
2005 WL 44704 (E.D.N.Y. Jan. 11, 2005)……………………………………………………..4

*Bar-Ayal v. Time Warner Cable, Inc.*,
2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006)……………………………………………………..7

*Brady v. Williams Capital Group, L.P.*,
64 A.D.3d 127 (1st Dep't 2009)……………………………………………………………..8

*Chem. Bank v. Geronimo Auto Parts Corp.*,
225 A.D.2d 461 (2d Dept. 1996)……………………………………………………………6

*Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.*,
271 F.3d 403 (2d Cir. 2011)…………………………………………………………………3

*Genesco, Inc. v. T. Kakiuchi & Co.*,
815 F.2d 840 (2d Cir.1987)…………………………………………………………………4

*Gillman v. Chase Manhattan Bank, N.A.*,
73 N.Y.2d 1 (1988)……………………………………………………………………..4, 5

*Green Tree Fin. Corp.-Ala. v. Randolph*,
531 U.S. 79 (2000)…………………………………………………………………………..4

*Myskina v. Conde Nast Publications, Inc.*,
286 F.Supp.2d 409 (S.D.N.Y. 2005)………………………………………………………...6

*Ragone v. Atlantic Video at Manhattan Center, et al.*,
595 F.3d 115 (2d Cir. 2010)……………………………………………………………3, 6, 8

*Ranrier v. Bell Atlantic Mobile*,
304 A.D.2d 353 (1st Dept 2003)……………………………………………………………..6

*Rodriguez-Depena v. Parts Authority*,
2017 WL 6327827 (2d. Cir. Dec. 12, 2017)……………………………………………………..6

*Schreiber v. K-Sea Transportation Corp.*,
9 N.Y.2d 194 (2007)…………………………………………………………………………8

*Sokol Holdings, Inc. v. BMB Munai, Inc.*,
542 F.3d 354 (2d. Cir. 2008)…………………………………………………………………3

**<u>STATUTES</u>**

9. U.S.C. § 1 *et seq*……………………………………………………………………….1

**PRELIMINARY STATEMENT**

Defendants Gracefully, Inc. ("Gracefully"), FoodEx LLC ("FoodEx"), Foodmood LLC ("Foodmood"), Victuals LLC ("Victuals")(collectively, the "Gracefully Entities"), Joel Dancyger and Grace Dancyger (collectively with the Gracefully Entities, the "Defendants") respectfully submit this Reply Memorandum of Law in support of their motion pursuant to the Federal Arbitration Act ("FAA"), 9. U.S.C. § 1 *et seq.*, for an order (i) compelling Plaintiff Cresenciano Reyes ("Plaintiff" and/or "Reyes") to submit his claims to arbitration pursuant to the Arbitration Agreement executed by Plaintiff (the "Arbitration Agreement"; Braverman Decl., Ex. A)[1], and (ii) dismissing Plaintiff's Complaint in its entirety with prejudice or, alternatively, to stay proceedings pending arbitration.

Plaintiff's opposition presents a variety of arguments which seek to excuse Plaintiff from honoring his contractual obligation to arbitrate the claims in this matter. For the reasons set forth below, these arguments are entirely unavailing.

Accordingly, Defendants respectfully request that the Court grant its motion in its entirety, and direct Plaintiff to submit his claims to arbitration pursuant to the Arbitration Agreement.

**ARGUMENT**

**I.    PLAINTIFF REYES MUST ARBITRATE HIS CLAIMS IN THIS ACTION**

    a.    <u>Defendants are Entitled to Enforce the Arbitration Agreement</u>

In opposition to the instant motion, Plaintiff argues that the Arbitration Agreement is unenforceable because, *inter alia*, Defendants are not signatories to the Arbitration Agreement and Plaintiff only agreed to arbitrate his claims with Foodart – an entity which Plaintiff (i) "does not allege in any way he was ever employed by"; and (ii) does not allege "constitute[s] co-

---

[1] References are to the Declaration of Marc D. Braverman dated January 10, 2018 ("Braverman Decl.")(Dkt. # 21).

employers, joint employers, a single employer, a single integrated enterprise…" Opp. Mem. p. 3.[2]

This argument is both factually and legally deficient.

As a threshold matter, Plaintiff's argument hinges entirely on his inaccurate factual belief that the Gracefully Entity formerly located at 28 Avenue A, where Plaintiff continuously worked for approximately seven (7) years, was owned and operated at all times by Defendant Gracefully. *See* Compl. ¶ 28 (Dkt. #1).

This is simply not true.

As set forth in the Declaration of Joel Dancyger submitted herewith, Plaintiff was hired on or about April 8, 2007 to work at the Gracefully Entity located at 28 Avenue A, and continued to work there until it closed in or around November 2014. Dancyger Decl., ¶ 6[3]. At the time of Plaintiff's hiring in 2007, the Gracefully Entity located at 28 Avenue A was operated by Defendant Gracefully, which also operates the Gracefully Entity located at 320 1st Avenue, New York, New York. Dancyger Decl., ¶¶ 6,7.

However, on or about February 1, 2011, Defendant Gracefully ceased operating the Gracefully Entity located at 28 Avenue A, and Foodart began operating at that location and continued to do so until its closure in or around November 2014. Dancyger Decl., ¶¶ 10,11. Tellingly, from in or around February 2011 through in or around November 2014, Plaintiff received his paychecks from Foodart. Dancyger Decl., ¶¶ 12, Ex. A.

Accordingly, contrary to Plaintiff's representations, he was employed by Foodart during the time period covered by the Complaint. This fact cannot be ignored.

---

[2] In support of his argument that he did not work for Foodart, Plaintiff contends that the Arbitration Agreement states that Foodart is located at "08 Avenue A." This is a straw man argument. The handwritten address, though sloppy, states "28 Avenue A" – not "08 Avenue A." Foodart was not located at 08 Avenue A and Defendants have never operated any store out of 08 Avenue A. As such, Defendants submit that there would be no reason to write "08 Avenue A" on the Arbitration Agreement.

[3] References are to the Declaration of Joel Dancyger ("Dancyger Decl.") submitted herewith.

2

The Second Circuit has "recognized a number of common law principles of contract law that may allow non-signatories [like the Gracefully Defendants] to enforce an arbitration agreement, including equitable estoppel." *Ragone v. Atlantic Video at Manhattan Center, et al.*, 595 F.3d 115, 126 (2d Cir. 2010)(internal citations omitted).  Under the principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement where, as here, "the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Ragone*, 595 F.3d at 127 (citing *Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.*, 271 F.3d 403, 406 (2d Cir. 2011)).

Additionally, "there must be a relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitration with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement." *Ragone*, 595 F.3d at 127 (citing *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 359 (2d. Cir. 2008)).

Here, there is no doubt that the issues Defendants are seeking to arbitrate are factually and legally intertwined with the Arbitration Agreement since *Plaintiff is seeking in this action to recover from Defendants alleged unpaid wages during the period in which he worked for Foodart*.

Moreover, in his Complaint, Plaintiff seeks to advance the theory that the Gracefully Entities constitute a joint-enterprise, which operates as "Gracefully" and is controlled by Defendants Joel and Grace Dancyger.  However, in connection with this motion, Plaintiff now seeks to exclude from that joint-enterprise Foodart, an entity which also operated as "Gracefully" and was controlled by Defendants Joel and Grace Dancyger, in order to evade the arbitration requirement.  Plaintiff cannot have it both ways.

Based upon the foregoing, Defendants respectfully submit that Plaintiff must be equitably estopped from refusing to arbitrate his dispute with the Defendants.

b.  The Agreement is Enforceable As a Matter of Law

Pursuant to general principles of contract law, "a party is bound by the provisions of a contract that he signs, unless he can show special circumstances that would relieve him of such an obligation." *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 845 (2d Cir.1987).

In evaluating whether there exist "special circumstances" sufficient to warrant relief from an arbitration agreement, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 91 (2000).

In the instant action, Plaintiff argues that he cannot be compelled to arbitrate his claims because the Arbitration Agreement is unconscionable and, therefore, unenforceable.

This argument is unavailing.

Under New York law, a contract is unconscionable when it is "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms." *Gillman v. Chase Manhattan Bank, N.A.,* 73 N.Y.2d 1, 10 (1988).  A determination of unconscionability "generally requires a showing that the contract was both procedurally and substantively unconscionable when made – *i.e.,* a showing of an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party." *Id.*

Indeed, "an employee must hurdle a high bar to establish the unconscionability of an arbitration agreement." *Baldeo v. Darden Restaurants, Inc*., 2005 WL 44704, at *6 (E.D.N.Y. Jan. 11, 2005).

Plaintiff Reyes has failed entirely to clear this hurdle.

(i) <u>Plaintiff Failed to Demonstrate That the Arbitration Agreement Is Procedurally Unconscionable</u>

Plaintiff's contention that the Arbitration Agreement was signed under procedurally unconscionable conditions is far short of convincing. *See Gillman v. Chase Manhattan Bank, N.A.,* 73 N.Y.2d 1, 10-11 (1988)(The purpose of the unconscionability doctrine "is to prevent oppression and unfair surprise, not to readjust the agreed allocation of risks in the light of some perceived imbalance in the parties bargaining power.").

Plaintiff argues that the Arbitration Agreement in unenforceable because he allegedly (1) cannot read or understand English; (2) was not given the opportunity to review the document and was required to sign the document "immediately"; (3) "it was made clear" that if he did not sign the Arbitration Agreement, he would be fired; and (4) there was an inequality of bargaining power between Reyes and Defendants. Kumar Decl., Ex. 2, ¶¶ 8 – 15.[4]

Defendants dispute Plaintiff's allegations in their entirety. Specifically, at the time of distribution of the Arbitration Agreement, the employees, including Reyes, were urged to review the Arbitration Agreement; the employees, including Reyes, were given as much time as they needed to review the Arbitration Agreement in its entirety; the employees, including Reyes, were encouraged to ask questions about the contents of the Arbitration Agreement; and the employees, including Reyes, were permitted to take the Arbitration Agreement home and/or seek outside assistance prior to executing the Arbitration Agreement. Dancyger Decl., ¶¶ 15-20.

Defendants further submit that at no point did Defendant Joel Dancyger, or any other employee of Defendants, threaten the employees, including Reyes, with termination if they did not sign the Arbitration Agreement. Dancyger Decl., ¶ 21.

---

[4] References are to the Declaration of Amit Kumar, Esq. (Dkt. #24).

Notwithstanding the foregoing, even if Plaintiff's allegations were true (which they are not), the controlling caselaw is clear that these allegations are woefully insufficient to demonstrate procedural unconscionability. See *Rodriguez-Depena v. Parts Authority*, 2017 WL 6327827 (2d. Cir. Dec. 12, 2017)( "a language barrier does not prevent enforcement of contract obligations."); *Myskina v. Conde Nast Publications, Inc.*, 286 F.Supp.2d 409, 415 (S.D.N.Y. 2005)("Nor can she avoid her obligations under the Release because of her purported failure to read its contents…or because of a language barrier."); *Ragone v. Atlantic Video at Manhattan Center, et al.*, 595 F.3d 115, 126 (2d Cir. 2010)(holding "New York courts have repeatedly ruled that even the fact that a prospective employee possesses an imperfect grasp of the English language will not relieve the employee of making a reasonable effort to have the document explained to him."); *Chem. Bank v. Geronimo Auto Parts Corp.*, 225 A.D.2d 461 (2d Dept. 1996)(finding defendant's claim that he was not bound by a contract because of his "alleged unfamiliarity with the English language and the alleged misrepresentations to him as to the nature of the agreement" without merit); *Ragone v. Atlantic Video at Manhattan Center, et al.*, 595 F.3d 115, 126 (2d Cir. 2010)(upholding an arbitration agreement offered "on a 'take it or leave it' basis.); *Ranrier v. Bell Atlantic Mobile*, 304 A.D.2d 353, 354 (1st Dept 2003)("[m]ere inequality in bargaining power…is not a sufficient reason to hold that arbitration agreements are never enforceable.").

    (ii)    <u>Plaintiff Failed to Demonstrate That the Arbitration Agreement Is Substantively Unconscionable</u>

Plaintiff argues that the Arbitration Agreement is substantively unconscionable because (i) it is "a substantive waiver of statutory rights", as it shortens the applicable statute of limitations period(s) to sixty (60) days; and (ii) it requires the parties to bear their own costs of any arbitration. Opp. Mem., pp. 10-11.

These arguments must be rejected.

6

The subject provision does not, in any way, bar Plaintiff from pursuing his statutory rights or amount to waiver of those rights. Rather, the provision merely provides a timeframe and method for the resolution of those rights. *See Bar-Ayal v. Time Warner Cable, Inc.*, 2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006)(a shortened statute of limitations period does not render an arbitration agreement unconscionable (internal citation omitted)).

Additionally, Plaintiff's argument that he would have to pay "exorbitant AAA administrative fees and costs" is simply wrong. The Arbitration Agreement provides that any dispute shall be submitted to the American Arbitration Association pursuant to its Rules for the Resolution of Employment Disputes (the "AAA Rules"). The Arbitration Agreement further provides that "[c]osts for the arbitration shall be paid equally by the Employee and the Company *or as governed by the [AAA] Rules.*" The AAA Rules provide, in pertinent part, as follows:

> COSTS: Under the Employment/Workplace Fee Schedule, the employee's or individual's fee *is capped at $300, unless the clause provides that the employee or individual pay less*. The employer or company pays the arbitrator's compensation unless the employee or individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation.
>
> *See* "Employment Arbitration under AAA Administration" (https://www.adr.org/employment)(emphasis added)

Indeed, a fee cap of $300 could hardly be described as "exorbitant."

Plaintiff's misinterpretation of the Arbitration Agreement also forms the basis for his argument that the alleged "cost splitting provision could allow for an arbitrator to preclude Plaintiffs from recovering their reasonable attorney's fees and costs should they prevail on their claims" in violation of the FLSA. Opp. Mem., p. 12. This is just not true. There is no provision in the Arbitration Agreement that prohibits an arbitrator from awarding attorney's fees and costs to the employee, nor is there a provision prohibiting the arbitrator from awarding liquidated damages. As such, these arguments are entirely misguided.

7

In the event this Court nevertheless finds any of the foregoing provisions of the Arbitration Agreement substantively unconscionable, those provision(s) may be waived by Defendants and/or severed or modified by the Court to allow Plaintiff's claims to be resolved through arbitration as agreed upon by the parties.  *Ragone v. Atlantic Video at Manhattan Center, et al.*, 595 F.3d 115, 126 (2d Cir. 2010)(upholding an arbitration agreement as modified by defendants' waivers and stating "rather than holding that a provision of an arbitration agreement which would preclude a party from vindicating its rights in arbitration rendered the entire agreement unenforceable…. the offending provision should simply be disregarded" (citing *Schreiber v. K-Sea Transportation Corp*., 9 N.Y.2d 194 (2007)); *Brady v. Williams Capital Group, L.P.,* 64 A.D.3d 127 (1st Dep't 2009)(when a court is faced with an unconscionable provision, which would actually preclude a plaintiff from vindicating his/her statutory rights, the appropriate remedy "is to sever the improper provision of the arbitration agreement, rather than void the entire agreement.").

## **CONCLUSION**

For the reasons set forth herein and in Defendants' moving briefs, Defendants respectfully request that the Court grant its motion in its entirety.

Dated: New York, New York
January 31, 2018

                 Respectfully submitted,

                 DEALY SILBERSTEIN &
                 BRAVERMAN, LLP

                 By: */s/ Marc D. Braverman*
                   Marc D. Braverman (MB2534)
                 *Attorneys for Defendants Gracefully, Inc.,*
                 *FoodEx LLC, Foodmood LLC, Joel*
                 *Dancyger, Grace Dancyger*
                 *and Victuals, LLC*
                 225 Broadway, Suite 1405
                 New York, New York 10007
                 (212) 385-0066

## CERTIFICATE OF SERVICE

      I hereby certify that, on January 31, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                      */s/ Marc D. Braverman*
                                       Marc D. Braverman (MB2534)