

## LAW OFFICES OF WILLIAM CAFARO

| | | |
|---|---|---|
| *William Cafaro, Esq.*<br>ADMITTED IN NY, CA, MD & TX<br>Email: bcafaro@cafaroesq.com<br><br>*Amit Kumar, Esq.*<br>*Managing Attorney*<br>ADMITTED IN NY & NJ<br>Email: akumar@cafaroesq.com | 108 West 39th Street, Suite 602<br>New York, New York 10018<br>Telephone: 212.583.7400<br>Facsimile: 212.583.7401<br>www.cafaroesq.com<br><br>**MEMO ENDORSED** | *Louis M. Leon, Esq.*<br>*Associate*<br>ADMITTED IN NY<br>Email: lleon@cafaroesq.com<br><br>*Andrew S. Buzin, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY, FL & DC |

March 4, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2020

*Via ECF*
Hon Valerie E. Caproni, U.S.D.J.
United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Reyes, et al v. Gracefully, Inc., et al
Case No.: 17-Civ-9328 (VEC)

Your Honor:

This firm represents the named Plaintiff Cresenciano Reyes as well as opt in plaintiff Luis Alberto, in the above referenced action. On February 10, 2020 the Court Ordered the Parties to edit the settlement agreement in order to edit the release language and the payment language. *See*, D.E. 42. The Parties fully executed settlement agreement complying with these edits is appended hereto as Exhibit 1. As the Parties have made the changes Ordered by the Court, it is requested that the Court find the new agreement fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Thank you.

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

*[signature]*

By Amit Kumar (AK 0822)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com

CC:
Defense Counsel (via ECF)

---

The parties' settlement agreement is APPROVED. The Court finds the agreement to be fair and reasonable. This case is DISMISSED.

SO ORDERED.

*[signature]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3/4/2020

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter, the "Agreement") is entered into by and between Cresenciano Reyes ("Reyes") and Luis Alberto Retraido Rodriguez ("Alberto") (collectively, "Plaintiffs") and Gracefully, Inc. d/b/a Gracefully Deli East Village ("Geacefully EV"), Foodex LLC d/b/a Gracefully Deli Upper West Side ("Gracefully UWS"), Foodmood LLC d/b/a Gracefully ("Gracefully"), Victuals, LLC ("Victuals") Joel D200ancyger ("Joel") and Grace Dancyger ("Grace") (collectively "Defendants" )(Plaintiffs and Defendants shall be referred to as the "Parties")

# RECITALS

**WHEREAS**, on November 28, 2017, Plaintiff Reyes filed a civil action captioned *Cresenciano Reyes, on behalf of himself and all others similary situated vs. Gracefully, Inc. d/b/a Gracefully Deli East Village, Foodex LLC d/b/a Gracefully Deli Upper West Side, Foodmood LLC d/b/a Gracefully, Joel Dancyger, Grace Dancyger, and Victuals, LLC*, in the United States District Court for the Southern Distrrict of New York (the "Court"), Case No.: 17-cv-09328 (VEC) (the "Action"); and

**WHEREAS**, on May 11, 2018, the Court ordered the Action to proceed via arbitration pursuant to an arbitration agreement (the "Arbitration"); and

**WHEREAS**, on August 15, 2018, Plaintiff Alberto filed a Consent to join the Action and/or the Arbitration, to which Defendants have objected; and

**WHEREAS,** Plaintiffs claimed in the Action, among other things, violations by the Defendants of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"); and

**WHEREAS**, the Defendants deny that they violated any federal, state or local law, ordinance, rule or regulation, or any duty whatsoever, whether based in statute, common law or otherwise, and they expressly deny any such liability or violation to Plaintiffs; and

**WHEREAS**, the Parties desire to memorialize the complete terms of their settlement via this Agreement; and

**WHEREAS**, the Parties now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Action.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of the Action:

1. **Recitals.** The Parties acknowledge that all of the "WHEREAS" clauses in the preceding paragraphs are incorporated herein as material parts of this Agreement.

57438/0005-18019176v1

2. **Consideration.** In consideration for the promises that the Plaintiffs have made in this Agreement, the Defendants shall pay the total gross sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00), which includes attorneys' fees and costs (the "Settlement Payment"), as follows:

    (a)    Within thirty (30) days of the Court approving this Agreement as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), Defendants shall make a payment of Seventeen Thousand Five Hundred Dollars and Zero Cents ($17,500.00) (the "First Settlement Payment") which shall be allocated as follows:

        i. One check payable to "Cresenciano Reyes" in the amount of Nine Thousand Eight Hundred Ninety Seven Dollars and Twenty Cents ($9,897.20) from which no deductions or withholding shall be withheld represengint payment to Mr. Reyes for all economic, noneconomic and statutory damages;

        ii. One check payable to "Luis Alberto Retraido Rodriguez" in the amount of Seven Thousand Six Hundred Two Dollars and Eghty Cents ($7,602.80) from which no deductions or withholding shall be withheld represengint payment to Mr. Alberto's for all economic, noneconomic and statutory damages;

    (b)    Thirty (30) days following the date the First Settlement Payment is due, Defendants shall make a payment of Seventeen Thousand Five Hundred Dollars and Zero Cents ($17,500.00) (the "Second Settlement Payment") which shall be allocated as follows:

        i. One check payable to "Cresenciano Reyes" in the amount of Two Hundred Sixty Three Dollars and Thirty Cents ($263.30) from which no deductions or withholding shall be withheld represengint payment to Mr. Reyes for all economic, noneconomic and statutory damages;

        ii. One check payable to "Luis Alberto Retraido Rodriguez" in the amount of Two Hundred Two Dollars and Twenty Six Cents ($202.26) from which no deductions or withholding shall be withheld represengint payment to Mr. Alberto's for all economic, noneconomic and statutory damages;

        iii. One check payable to "William Cafaro, PC" in the total amount of Seventeen Thousand Thirty Four Dollars and Forty Five Cents ($17,034.45) representing payment for Plaintiffs' claims for attorneys' fees and costs.

    (c)    Simultaneous with the execution of this Agreement, Plaintiffs and "William Cafaro, PC" shall provide Defendants with executed Form W-9s.

2

57438/0005-18019176v1

3. **Delivery of Settlement Payment.** The Settlement Payments may be sent in any manner, but must be received by the office of Plaintiffs' counsel by the close of business on the due date to be timely, provided however, that if the due date falls on a weekend or federally recognized holiday, the time for payment shall be deemed extended until the close of business on the following business day.

4. **Default**. In the event that any of the Settlement Payment described herein in Paragraph 2, *supra*, are not received in the office of Plaintiffs' counsel by the close of business on the due date, or any check given as payment hereunder is dishonored, Plaintiffs' counsel shall notify Defendants' counsel, Marc D. Braverman, Esq. via electronic mail to MBraverman@DSBLawNY.com. In the event Defendants fail to cure such default within ten (10) days from receipt of said notice, they shall be in default rendering Defendants jointly and severally liable for the Settlement Payment, as well as any attorneys' fees and costs associated with the prosecution and filing of the default as well as any collection proceedings.

5. **Cooperation.** Counsel for the Parties shall cooperate and take all reasonably necessary steps to arrange for the Court's approval of this Agreement and entry of the Order of Dismissal.

6. **Release.** In return for the Settlement Payment that is the subject of this Agreement, the Plaintiffs agree to dismiss the Action, with prejudice, and release, waive, acquit and forever discharge Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, and representatives ("Released Parties"), from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiffs may have or claim to have against any of the Released Parties regarding any matter in connection with the payment of minimum wages, overtime wages, spread of hours, and/or recordkeeping violations, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action (the "Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, the New York Labor Law §§ 650 et seq., the New York Wage Payment Act, the New York Labor Law §§ 190 et. seq., the New York Department of Labor Regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing.

7. **Tax Liability/Indemnification.** In making the Settlement Payment, Defendants make no representation regarding the tax consequences or liability arising from said payment(s). Plaintiffs understand and agree that any and all tax liability that may be due or become due because of the Settlement Payment is the exclusive responsibility of the payees, and that Plaintiffs and their counsel will pay any such taxes that may be due or become due. Defendants have no monetary liability or obligation regarding payment whatsoever (other than delivering a valid check in the sums referenced in in this Agreement to Plaintiffs and/or their counsel). Plaintiffs agree to bear all tax consequences, if any, attendant upon the payment of the above-recited sums. If any tax

authority determines that additional taxes, interest, penalties or fines are owed by Plaintiffs on the Settlement Payment, Plaintiffs shall be solely responsible for such tax, interest, penalties or fines. In the event Defendants receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against Defendants, Defendants shall promptly, after receipt of such notice, notify Plaintiffs by letter sent to counsel for Plaintiffs. In addition, Plaintiffs acknowledge and agree that they shall each be exclusively responsible for the payment and satisfaction of any and all non-tax liabilities, if any, which are or may become due with respect to their respective portions of the Settlement Payment, and that they shall indemnify and hold harmless Defendants from any and all liability, cost or expense (including, but not limited to, any interest, fine or penalty) that may be incurred or imposed with respect to any portion of the Settlement Payment as a result of claims by any federal, state or local authority or any other person or entity, including, but not limited to, Plaintiffs' creditors, and that Defendants shall have no liability or obligations with respect to any encumbrances or liens on, or claims by any third party to any portion of, the Settlement Payment.

8. **Binding Nature of Agreement.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

9. **Mutual Confidentiality.** The Parties agree that they will maintain the confidentiality of this Agreement and will not disclose in any fashion this Agreement, the amount of this settlement, and/or the substance or content of discussions involved in reaching this Agreement to any person other than the Parties' attorneys, accountants, and tax advisors as required by appropriate taxing authorities or as required by law. If inquiries are made of either Party regarding this matter, that Party will state that the matter is resolved and shall not further characterize this settlement. It shall not be a breach of this provision for the Parties to file this Agreement in order to approve the settlement pursuant to *Cheeks v. Freeport Pancake House,* 796 F.3d. 199 (2d Cir. 2015) and its progeny.

10. **Mutual Non-Disparagement.** The Parties agree that they will not denigrate, disparage, criticize, defame or make any false or derogatory statements, or induce any other person to make any such false, defamatory or derogatory statements concerning any other Party or the Party's business, employees, officers, directors, members, owners or agents, including without limitation, any statement, oral or written, which portrays the other in an unfavorable light or subjects it to scorn or ridicule or which would in any way adversely reflect upon or affect the other party's goodwill or business reputation, or reflect upon the legal liability or responsibility of the Parties under this Agreement. The Parties stipulate and agree that any violation of the provisions herein shall be deemed a breach of this Agreement, and in the event a party violates any provision of this Paragraph, that party shall be subject to all available civil remedies, including, but not limited to, an action for damages and/or injunctive relief. Specifically excluded from this provision are truthful statements about the Parties' experiences in litigating their claims and defenses.

11. **No Admission of Wrongdoing or Liability.** It is expressly understood that this Agreement, and compliance with this Agreement, is not and shall not be deemed to be or construed as an admission by the Parties of any violation of or liability under, any federal, state or local statute, rule, regulation, duty, contract, right, order or principal of common law or equity. Rather,

57438/0005-18019176v1

this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into by the Parties solely to avoid the burden, expense, delay and uncertainty of further litigation. The Defendants expressly deny any wrongdoing of any kind with respect to Plaintiffs.

       **12.**    **Governing Law and Jurisdiction.**  This Agreement shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York.  The Parties agree that any litigation to enforce this Agreement shall be filed in New York State Supreme Court, County of New York, and this provision shall be treated as a valid venue selection provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason.

       **13.**    **Interpretation.**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective counsel and shall not be construed against the "drafter" of the Agreement.

       **14.**    **Severability.** Any provision of the Agreement that is held to be invalid, illegal, or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such invalidity, illegality, or unenforceability, without affecting the validity, legality, and enforceability of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction. If any provision is determined to be invalid, illegal, or unenforceable, the remaining provisions of this Agreement shall remain in full force, if the essential terms and conditions of this Agreement for each Party remain valid, binding, and enforceable.

       **15.**    **Modification of Agreement.**   This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

       **16.**    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof, including the prior Agreement that was executed by the Parties and filed with the Court on February 7, 2020 (the "Prior Agreement").  The Parties agree that the Prior Agreement is null and void.

       **17.**    **Headings.**  The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

       **18.**    **Signatures in Counterparts.**  This Agreement may be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page.  A facsimile copy, or PDF, of any party's signature shall be deemed as legally binding as the original signatures.

       **19.**    **Effective Date and Revocation**.  Plaintiffs hereby acknowledge that they have been afforded at least twenty-one (21) days to consider the terms and conditions of this Agreement,

57438/0005-18019176v1

that, after consultation with counsel, they have signed it voluntarily and of their own free will prior to the expiration of that 21-day period, and that they have seven (7) days from its execution to revoke, in writing via e-mail and certified mail to Defendants' counsel, their assent to this Agreement. Notwithstanding anything contained in this Agreement to the contrary, this Agreement will not become effective until after the expiration of the seven (7) day revocation period.

20. **Acknowledgements.**

    (a) The Parties hereby acknowledge and understand that they are releasing claims that they may not know about, and that is their intent. The Parties expressly waive all rights they may have under any law that is intended to prevent unknown claims from being released and acknowledge that they understand the significance of doing so.

    (b) The Parties acknowledge that they have been advised to, and have had the opportunity to, consult with independent legal counsel before signing this Agreement, and that they have executed this Agreement after having consulted with independent legal counsel. Plaintiffs acknowledge that they have read this Agreement in its entirety, understand all of its terms, and that they freely, voluntarily and knowingly, without duress or coercion, and after consultation with her counsel, assent to all the terms and conditions contained herein.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**SIGNED AND AGREED TO:**

Dated: 02-26-2020

_____
CRESENCIANO REYES

STATE OF NY )
                       )ss.:
COUNTY OF NY )

On 02/26/20 before me personally came to me CRESENCIANO REYES known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
Notary Public

AMIT KUMAR
Notary Public State of New York
No. 02KU6289837
Certified in Nassau County
Commission Expires Sept. 30, 2017
21

6

57438/0005-18019176v1

**SIGNED AND AGREED TO:**

Dated: 02/26/2020

STATE OF NY )
               )ss.:
COUNTY OF NY )

_[signature]_
LUIS ALBERTO RETRAIDO RODRIGUEZ

On 02/26/20 before me personally came to me LUIS ALBERTO RETRAIDO RODRIGUEZ known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_[signature]_
Notary Public

**AMIT KUMAR**
Notary Public State of New York
No. 02KU6289837
Certified in Nassau County
Commission Expires Sept. 30, 2021

[THIS SECTION INTENTIALLY LEFT BLANK]

57438/0005-18019176v1

**SIGNED AND AGREED TO:**

GRACEFULLY, INC.

Dated: 2-27-20

By: _____
Officer and Authorized Representative

STATE OF NY )
                    )ss.:
COUNTY OF NY )

On 2-27-20 before me personally came Joel Dancyger and acknowledged him/herself to be an officer and an Authorized Representative of GRACEFULLY, INC. and that s/he, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement, by signing his/her name on behalf of the corporation by him/herself as an officer and an Authorized Representative, and duly acknowledged to me that he executed the same.

ROBERT M. OLSHEVER
Notary Public, State of New York
No. 02OL4643583
Qualified in New York County
Commission Expires 05/31/2023

_____
Notary Public

**SIGNED AND AGREED TO:**

FOODEX LLC

Dated: 2-27-20

By: _____
Officer and Authorized Representative

STATE OF NY )
                    )ss.:
COUNTY OF NY )

On 2-27-20 before me personally came Joel Dancyger and acknowledged him/herself to be an officer and an Authorized Representative of FOODEX LLC and that s/he, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement, by signing his/her name on behalf of the corporation by him/herself as an officer and an Authorized Representative, and duly acknowledged to me that he executed the same.

ROBERT M. OLSHEVER
Notary Public, State of New York
No. 02OL4643583
Qualified in New York County
Commission Expires 05/31/2023

_____
Notary Public

8

57438/0005-18019176v1

**SIGNED AND AGREED TO:**

Dated: 2-27-20

FOODMOOD LLC

By: _____
Officer and Authorized
Representative

STATE OF NY )
                              ) ss.:
COUNTY OF NY )

On 2-27-20 before me personally came Joel Vancyger and acknowledged him/herself to be an officer and an Authorized Representative of FOODMOOD LLC and that s/he, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement, by signing his/her name on behalf of the corporation by him/herself as an officer and an Authorized Representative, and duly acknowledged to me that he executed the same.

ROBERT M. OLSHEVER
Notary Public, State of New York
No. 02OL4643583
Qualified in New York County
Commission Expires 05/31/2023

_____
Notary Public

**SIGNED AND AGREED TO:**

Dated: 2-27-20

VICTUALS LLC

By: _____
Officer and Authorized
Representative

STATE OF NY )
                              ) ss.:
COUNTY OF NY )

On 2-27-20 before me personally came Joel Vancyger and acknowledged him/herself to be an officer and an Authorized Representative of VICTUALS LLC and that s/he, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement, by signing his/her name on behalf of the corporation by him/herself as an officer and an Authorized Representative, and duly acknowledged to me that he executed the same.

ROBERT M. OLSHEVER
Notary Public, State of New York
No. 02OL4643583
Qualified in New York County
Commission Expires 05/31/2023

_____
Notary Public

9

57438/0005-18019176v1

**SIGNED AND AGREED TO:**

Dated: 2-27-20

STATE OF NY )
COUNTY OF NY )ss.:
)

_____
JOEL DANCYGER

On 2-27-20 before me personally came to me JOEL DANCYGER known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

ROBERT M. OLSHEVER
Notary Public, State of New York
No. 02OL4643583
Qualified in New York County
Commission Expires 05/31/2023

_____
Notary Public

**SIGNED AND AGREED TO:**

Dated: 2-27-20

STATE OF NY )
COUNTY OF NY )ss.:
)

_____
GRACE DANCYGER

On 2-27-20 before me personally came to me GRACE DANCYGER known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

ROBERT M. OLSHEVER
Notary Public, State of New York
No. 02OL4643583
Qualified in New York County
Commission Expires 05/31/2023

_____
Notary Public

57438/0005-18019176v1